UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
(Fort Lauderdale Division)

Plasticos Vandux De Colombia S.A., a Colombian company, and Monroe Hair Care, LLC., a Florida corporation,

    Plaintiffs,

v.

Robanda International, Inc., a California corporation, David Leib, an individual, and Anthony Leib, an individual,

    Defendants.

_____/

CASE NO:

## COMPLAINT

Plaintiffs, Plasticos Vandux De Colombia S.A., a Colombian company, and Monroe Hair Care, LLC. a Florida corporation, (hereinafter collectively "VANDUX" unless otherwise indicated) hereby files this complaint against Defendants, Robanda International, Inc., a California corporation, David Leib, an individual, and his brother, Anthony Leib, an individual, (herein collectively "ROBANDA") and states as follows:

**JURISDICTION AND VENUE**

1.    This is a complaint for patent infringement pursuant to 35 U.S.C. § 281, patent false marking pursuant to 35 U.S.C. § 292, and unfair competition.

2.    Jurisdiction is expressly conferred on this Court by 28 U.S.C. §1331, 1332, 1338(a) and 1338(b). This Court also has jurisdiction over all other claims herein in accordance

1

with 28 U.S.C. §1332(a) because this is an action between citizens of different states and the matter in controversy exceeds Seventy-Five Thousand Dollars ($75,000.00), exclusive of interest and costs.  This Court has supplemental jurisdiction over the state law claim, pursuant to 28 U.S.C. §1367, as the facts are inextricably related to the alleged patent infringement claim.

3. This Court has personal jurisdiction over the identified Defendants based on the fact that Defendants do business in Florida by selling infringing brushes to consumers and distributors in the State of Florida and to others throughout the U.S., and has perpetrated acts of patent infringement in the State of Florida.

4. Venue is proper in the United States District for the Southern District of Florida pursuant to 28 U.S.C. §§ 1391 and 1400.

## THE PARTIES

3. Plaintiff, Plasticos Vandux De Colombia S.A., is a Columbian corporation with a principal place of business at Via 40 No. 79B-145 A.A. 50493, Barranquilla, Colombia.

4. Plaintiff, Monroe Hair Care LLC., is a Florida corporation and is the exclusive U.S. distributor for hairbrushes made by Plasticos Vandux, with a principal place of business at 1003 Shotgun Road, Sunrise, FL 33326.

5. Defendant, Robanda International, Inc., is a California corporation, with a principal place of business at 1245 Knoxville St., San Diego, CA 92110.  Defendant Robanda International sells hairbrushes to consumers and to various retail stores and professional hair care supply stores throughout the U.S. and within the jurisdiction of this Court, such as Adazl Beauty on Pines Blvd., Pembroke Pines, FL, and Beauty Alliance Stores, with multiple locations within the jurisdiction of the Court, such as the Beauty Alliance Store on Pines Blvd., Pembroke Pines, FL.

6. As reported by Inc. Magazine's online business directory, Defendant David Leib is the President and CEO of Robanda. Upon information and belief, David Leib actively participates in, controls, and benefits from the business of ROBANDA. Upon information and belief, David Leib directed, actively participated in, controlled and benefitted from the conduct of ROBANDA as alleged in this Complaint. In addition, David Leib's conduct was in furtherance of ROBANDA's goals, inured to the benefit of ROBANDA, and was within the course and scope of David Leib's employment or agency relationship with ROBANDA.

7. Upon information and belief, Defendant Anthony Leib is the Vice-President of Sales for ROBANDA and is David Leib's brother. Upon information and belief, Anthony Leib actively participates in, controls, and benefits from the business of ROBANDA. Upon information and belief, Anthony Leib directed, actively participated in, controlled and benefitted from the conduct of ROBANDA as alleged in this Complaint. In addition, Anthony Leib's conduct was in furtherance of ROBANDA's goals, inured to the benefit of ROBANDA, and was within the course and scope of Anthony Leib's employment or agency relationship with ROBANDA.

## FACTS RELATIVE TO ALL COUNTS

8. VANDUX is the owner of U.S. Patent No. 6,739,016 to Bigio (herein the "016 Patent"), attached as Exhibit A, pg. 001, entitled "HAIRBRUSH."

9. The '016 Patent is valid, subsisting and in full force and effect.

10. VANDUX is the owner of U.S. Patent No. 7,210,186 to Bigio (herein the "186 Patent"), attached as Exhibit A, pg. 020, entitled "HAIRBRUSH."

11. The '186 Patent is valid, subsisting and in full force and effect.

12. VANDUX is the owner of U.S. Patent No. 7,448,111 to Bigio (herein the "111 Patent"), attached as Exhibit A, pg. 040, entitled "HAIRBRUSH."

13. The '111 Patent is valid, subsisting and in full force and effect.

14. VANDUX is the owner of U.S. Design Patent No. D436,736 to Bigio (herein the "736 Design Patent"), attached as Exhibit A, pg. 060, entitled "HAIRBRUSH."

15. The '736 Design Patent is valid, subsisting and in full force and effect.

16. ROBANDA imports hairbrushes into the U.S., facilitates and controls the manufacture of its hairbrushes, sells hairbrushes and offers to sell hairbrushes in the U.S. Upon information and belief, ROBANDA's line of MARILYN hairbrushes, manufactured, imported, sold and offered for sale by ROBANDA, are the subject of this patent infringement lawsuit. A collection of ROBANDA ads asserting that the MARILYN hairbrushes are "patented" is attached hereto as Exhibit B. Many MARILYN hairbrush models infringe VANDUX' Patents.

17. The importation, manufacture, use, sale and offer to sell MARILYN hairbrushes by ROBANDA infringe one or more of the '016 Patent, the '186 Patent and the '111 Patent.

18. During a trade show in January 2009, Defendant Anthony Leib visited Plaintiff Monroe Hair Care's booth and (a) saw copies of the VANDUX Patents which were prominently displayed at the Monroe booth and (b) engaged in a discussion with Monroe Hair Care's Director of Sales regarding Monroe's exclusive right to sell the patented hairbrushes and the fact that ROBANDA was not authorized to sell the patented hairbrushes. Upon information and belief, Defendant Anthony Leib reported his investigation of VANDUX's Patents back to Defendant David Leib. Defendant David Leib also visited the Monroe Hair Care booth and, upon information and belief, was provided with specific knowledge about the VANDUX

Patents. Notwithstanding this knowledge of VANDUX's Patent rights, ROBANDA continued to sell the accused MARILYN hairbrushes.

## COUNT I - PATENT INFRINGEMENT

19. VANDUX realleges the allegations set forth in paragraphs 1 through 18 as set forth herein.

20. This is an action for patent infringement pursuant to 35 U.S.C. § 281.

21. Defendant ROBANDA imports and is engaged in the sale, and the offering for sale, of hairbrushes which infringe the '186, '016 and '111 Patents. As an example, compare the illustrated brush design on ROBANDA's hang tag labels for several MARILYN hairbrushes at Exhibit C with VANDUX' brush design illustrated on the cover of the '186 Patent. Exhibit A, pg. 001.

22. VANDUX has not authorized nor permitted ROBANDA to import or manufacture hairbrushes which infringe the claims of the '016, '186 and '111 Patents. VANDUX has not authorized nor permitted ROBANDA to sell ROBANDA-made MARILYN brushes which infringe the '016, '186 and '111 Patents.

23. ROBANDA's sale of hairbrushes without a license from VANDUX violates VANDUX's patent rights.

24. Upon information and belief, ROBANDA's infringement of the '016, '186 and '111 Patents is intentional and willful, as ROBANDA knows of the '016, '186 and '111 Patents and has specific knowledge of VANDUX's patent rights.

25. Upon information and belief, ROBANDA will continue to infringe the '016, '186 and '111 Patents unless restrained by this Court.

26. ROBANDA's infringement of the '016, '186 and '111 Patents is causing VANDUX damage.

27. ROBANDA's infringement of the '016, '186 and '111 Patents is causing VANDUX irreparable harm that cannot be adequately compensated by a damage award alone.

## COUNT II - FALSE MARKING

28. VANDUX realleges the allegations set forth in paragraphs 1 through 27 as set forth herein.

29. This is an action for false patent marking pursuant to 35 U.S.C. § 292. The Patent Statute states "Whoever marks upon, or affixes to, or uses in advertising in connection with any unpatented article the word 'patent' or any word or number importing the same is patented, for the purpose of deceiving the public ... shall be fined not more that $500 for every such offense." 35 U.S.C. § 292(a). Any person may sue for the penalty and one-half of the recovery is paid to the U.S. Government.

30. In advertising the MARILYN hairbrushes, ROBANDA states that its hairbrushes are patented. See for example, Exhibit B, pgs. 065 and 069. A collection of ROBANDA ads asserting that the MARILYN hairbrushes are "patented" is attached hereto as Exhibit B (ads from over 20 unique online retailers).

31. The MARILYN hairbrushes by ROBANDA are not patented.

32. Upon information and belief, ROBANDA's false marking of its hairbrush ads stating that the brushes are "patented" is intentional and willful, as ROBANDA knows (a) it does not have a patent on the MARILYN hairbrushes; (b) it does not have a license from VANDUX for the '016, '186 and '111 Patents; and (c) VANDUX has not authorized nor permitted ROBANDA to manufacture and then sell the patented VANDUX hairbrushes.

33. Upon information and belief, ROBANDA falsely advertises its hairbrushes as being "patented" in order to deceive the public.

34. Upon information and belief, ROBANDA will continue to falsely mark its hairbrushes unless restrained by this Court.

35. ROBANDA's false marking of its hairbrushes is causing VANDUX damage.

36. ROBANDA's false marking of its hairbrushes is causing VANDUX irreparable harm that cannot be adequately compensated by a damage award or a fine.

### COUNT III - UNFAIR COMPETITION

37. VANDUX realleges and incorporates the allegations set forth in paragraphs 1 - 36 above.

38. ROBANDA's acts of patent infringement are acts of unfair competition. ROBANDA's false marking of its products as being "patented" when, in fact, ROBANDA's hairbrushes are not patented, are acts of unfair competition. ROBANDA's use of the illustrated brush design on its hang tags (see Exhibit C, attached), when that brush design is associated with the basic VANDUX '016 Patent (see Exhibit A, pg. 001), is an act of unfair competition since the public and hair stylists have come to associate the illustrated brush design with VANDUX and its patented brushes. These acts of unfair competition cause confusion or are likely to cause confusion, constitute acts of unlawful competition and constitute unfair trade practices. ROBANDA is attempting to palm off its goods being "patented" and to mimic VANDUX' Patents, and otherwise seeks to misappropriate and unfairly capitalize upon VANDUX's patent rights.

39. Alternatively, if ROBANDA's hairbrushes are not found to infringe the '016 Patent, or the '186 Patent or the '111 Patent, then ROBANDA's false marking of its products as

being "patented" and ROBANDA's use of the illustrated brush design on its hang tags (see Exhibit C), when that brush design is associated with VANDUX' brushes and its Patent (see Exhibit A, pg. 001), are acts of unfair competition since the public and hair stylists have come to associate the illustrated brush design with patented VANDUX hairbrush(es) sold by Monroe Hair Care. Essentially, ROBANDA mimics VANDUX' Patent rights. These acts of unfair competition cause confusion or are likely to cause confusion, constitute acts of unlawful competition and unfair trade practices. ROBANDA palms off its goods as "patented," when in fact they are not patented, and otherwise seeks to misappropriate and unfairly capitalize upon VANDUX's patent rights.

40.    VANDUX has suffered damage due to ROBANDA's acts of unfair competition. VANDUX has been irreparably harmed by these acts of unfair competition and continues to suffer damage and has suffered irreparable harm as a result of ROBANDA conduct, including consumer deception regarding who sells the patented hairbrushes, false association between the parties' hairbrushes, customer confusion, and a lessening of VANDUX' good will.

41.    ROBANDA will, unless preliminarily and permanently enjoined, continue to act in the unlawful manner complained of herein. VANDUX has no adequate remedy at law to compensate it for injuries suffered and threatened as a result of ROBANDA' conduct

## Relief

**WHEREFORE,** Plaintiffs VANDUX demands judgment against Defendants ROBANDA as follows:

I.    That an injunction be issued enjoining and restraining ROBANDA and its officers, agents, servants, employees and attorneys and all those in active concert or participation with them, from:

      A.    infringing the '016, '186 and '111 Patents;

      B.    manufacturing, importing, selling, offering to sell, or using any hairbrushes which infringe the '016, '186 and '111 Patents; and

      C.    that ROBANDA be required to file with the Court and to serve on VANDUX's attorneys within thirty (30) days after service of any permanent injunction issued herein, or within such reasonable time as the Court shall direct, a report in writing and under oath setting forth in detail the manner and form in which ROBANDA has complied with such injunction.

II.    Directing that ROBANDA deliver up for destruction all infringing hairbrushes, and deliver up for destruction all hang tags, advertisements, marketing materials and other marketing literature in their possession or under their control (A) describing or depicting infringing devices; (B) using the term "patented" or "patent;" and (C) describing or depicting the illustrated brush design shown in Exhibit C and on the cover of the '016 Patent.

III.    That the Court award damages adequate to compensate for ROBANDA's patent infringement, either lost profits or an amount not less than a reasonable royalty, for the use made of VANDUX' patented inventions, together with interest, costs and pre-judgment interest, and that the Court enter judgment against ROBANDA for such damages pursuant to 35 U.S.C. §284.

IV.    That the Court enter a finding that the infringing activity of ROBANDA has been willful and deliberate, and that this is an exceptional case pursuant to 35 U.S.C. § 285.

V. That the Court treble the compensatory patent damage award based upon such willful infringement, pursuant to 35 U.S.C. § 284 and award VANDUX' attorneys fees and costs due to such willful infringement.

VI. Order Defendant, ROBANDA, to pay over and account to Plaintiff VANDUX for all gains, profits, and advantages derived from their infringement of the '016, '186 and '111 Patents;

VII. Order Defendant, ROBANDA, to pay over and account to Plaintiff VANDUX for all gains, profits, and advantages derived from their acts of unfair competition.

VIII. Fine ROBANDA $500.00 for each hairbrush sold in connection with a "patented" advertisement per 35 U.S.C. § 292 and award VANUDX one-half of that fine and order ROBANDA to pay the U.S. Government the remaining one-half for such false marking.

IX. Award reasonable attorney fees to Plaintiff pursuant to 35 U.S.C. § 285;

X. Award costs and expenses to Plaintiff pursuant to 35 U.S.C. § 284;

XI. Entering an order that this Court retain jurisdiction of this action for the purpose of enabling VANDUX to apply to the Court at any time for such further orders and interpretation or execution of any order entered in this action, for the modification of any such order, for the enforcement or compliance therewith and for the punishment of any violations thereof.

XII. Awarding to VANDUX such other and further relief as the Court may deem just and proper, together with the costs and disbursements which VANDUX has incurred in connection with this action.

**PLAINTIFFS demands a jury trial.**

Dated: Feb. 8, 2010               Respectfully submitted,

By:   /Robert Kain/
Robert C. Kain, Jr., Esq. (266760)
RKain@ComplexIP.com
Darren Spielman, Esq.  (10860)
DSpielman@ComplexIP.com
Kain & Associates, Attorneys at Law, P.A.
900 Southeast 3rd Avenue, Suite 205
Fort Lauderdale, Florida 33316
Telephone:   (954) 768-9002
Facsimile:    (954) 768-0158

G:\RCK\CLIENTS\Vandux\Vandux-v-Robanda Lit\plead-Complaint-final.wpd