## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

### Case No.  10-60188-Civ-COOKE/BANDSTRA

PLASTICOS VANDUX DE
COLOMBIA S.A., *et al.*,

      Plaintiffs

vs.

ROBANDA INTERNATIONAL, INC., *et al.*,

      Defendants.

_____/

### ORDER DENYING DEFENDANTS' MOTION TO DISMISS

THIS CASE is before me on the Motion of the Defendants David Leib and Anthony Leib To Dismiss the Plaintiffs' Complaint For Lack of Personal Jurisdiction and Improper Venue [ECF No. 12], and the Motion of the Defendant Robanda International Inc. For Joinder In Defendants David Leib and Anthony Leib's Motion To Dismiss the Plaintiffs' Complaint For Lack of Personal Jurisdiction and Improper Venue [ECF No. 21].  I have reviewed the Parties' arguments, the record, and the relevant legal authorities.  Since I find that personal jurisdiction over the Defendants exists, and that this venue is proper, the Defendants' Motion to Dismiss is denied.

### I. Background

This is a patent infringement and false marking case involving the sale of hairbrushes in Florida and throughout the United States.  Plaintiff Plasticos Vandux De Columbia S.A., a Columbian company, is a manufacturer of wooden and plastic hairbrushes.  Plaintiff Monroe Hair Care LLC, a Florida company, is the exclusive United States distributor of hairbrushes made by Vandux.  Defendant Robanda International, Inc., a California corporation, sells hairbrushes to

retail stores and professional hair care supply stores throughout the United States.  Defendants, David Leib and Anthony Leib, residents of California, are the President and Vice-President of Sales, respectively, of Robanda.

Vandux's complaint alleges three counts: (1) Patent Infringement against Robanda, (2) False Marking against Robanda, and (3) Unfair Competition against Robanda.  (Compl. ¶¶ 19-41 [ECF No. 1]).  Under the section titled "The Parties," Vandux alleges that David Leib and Anthony Leib "actively participated in, controlled and benefitted from the conduct of Robanda as alleged in this complaint," and that the Leib's conduct "was in furtherance of Robanda's goals, inured to the benefit of Robanda, and was within the course and scope of [the Leib's] employment or agency relationship with Robanda."  (*Id.* ¶¶ 6-7).

The Lieb's filed their motion to dismiss for lack of personal jurisdiction, and improper venue, and alternatively asked that the case be transferred to the Southern District of California.  Robanda has joined in that motion.  Vandux opposes the motion, and the request to transfer the case.  (Pl.'s Resp. in Opp. [ECF No. 22]).

## II. LEGAL STANDARDS

### A. *Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(2)*

A plaintiff seeking the exercise of personal jurisdiction over a nonresident defendant bears the initial burden of alleging in the complaint sufficient facts to make out a prima facie case of jurisdiction.  *Synthes (U.S.A.) v. G.M. Dos Reis Jr. Ind. Com de Equip. Medico*, 563 F.3d 1285, 1292 (Fed. Cir. 2009).[1]  A defendant challenging personal jurisdiction must present

---

[1]  Personal jurisdiction in patent cases is decided under Federal Circuit law, rather than that of the regional circuit in which the case arose.  *Deprenyl Animal Health, Inc. v. Univ. of Toronto Innovations Found.*, 297 F.3d 1343, 1348-49 (Fed. Cir. 2002).

evidence to counter the plaintiff's allegations.  *Cf. id.*  Once the defendant has presented

sufficient evidence, the burden shifts to the plaintiff to prove jurisdiction by affidavits, testimony

or documents.  *Cf. Elecs. For Imaging, Inc. v. Coyle*, 340 F.3d 1344, 1349 (Fed. Cir. 2003)

(explaining that "a district court must accept the uncontroverted allegations in the plaintiff's

complaint as true and resolve any factual conflicts in the affidavits in the plaintiff's favor").

A federal court sitting in diversity undertakes a two-step inquiry in determining whether

personal jurisdiction exists: the exercise of jurisdiction must (1) be appropriate under the state

long-arm statute and (2) not violate the Due Process Clause of the Fourteenth Amendment to the

United States Constitution.  *See id.*

### 1.  *Florida's Long-Arm Statute*

Florida's long-arm statute permits courts of the state to exercise jurisdiction over a cause

of action arising out of "[o]perating, conducting, engaging in, or carrying on a business or

business venture" in Florida.  Fla. Stat. § 48.193(1)(a) (2009).  "The Florida Long-Arm statute

also provides for the assertion of jurisdiction over an out-of-state defendant who commits a

tortious act in Florida."  *Horizon Aggressive Growth, L.P. v. Rothstein-Kass, P.A.*, 421 F.3d

1162, 1168 (11th Cir. 2005) (citing Fla. Stat. § 48.193(1)(b)).  A person's physical presence is

not required in Florida, for jurisdiction to attach, so long as the "out-of-state defendant commits a

tort that produces an injury in Florida."  *Id.*

### 2.  *Due Process Clause of the Fourteenth Amendment*

Even if the requirements of Florida's long-arm statute are met, personal jurisdiction

cannot be exercised over a defendant who does not have sufficient minimum contacts with

Florida to satisfy the requirements of due process.  *See Patent Rights Prot. Grp., LLC v. Video*

*Gaming Techs., Inc.*, 603 F.3d 1364, 1369 (Fed. Cir. 2010) (citing *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 474 (1985) and ).  The due process analysis must determine whether a defendant has minimum contacts with Florida, and whether the court's exercise of jurisdiction over that defendant would "offend traditional notions of fair play and substantial justice."  *Id.*

In evaluating whether asserting personal jurisdiction offends a defendant's due process rights a court asks: "(1) whether the defendant 'purposefully directed' its activities at residents of the forum; (2) whether the claim 'arises out of or relates to' the defendant's activities with the forum; and (3) whether assertion of personal jurisdiction is 'reasonable and fair.'" *Inamed Corp. v. Kuzmak*, 249 F.3d 1356, 1360 (Fed. Cir. 2001) (explaining that "[t]he first two factors correspond with the 'minimum contacts' prong of the *International Shoe*[2] analysis, and the third factor corresponds with the 'fair play and substantial justice' prong of the analysis").

**B.  *Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(3)***

"Any civil action for patent infringement may be brought in the judicial district where the defendant resides . . . ."  28 U.S.C. § 1400(b).  "[A] defendant that is a corporation shall be deemed to reside in any judicial district in which it is subject to personal jurisdiction at the time the action is commenced."  28 U.S.C. § 1391(c); *see also VE Holding Corp. v. Johnson Gas Appliance Co.*, 917 F.2d 1574, 1580 (Fed. Cir. 1990) (clarifying that "venue in a patent infringement case includes any district where there would be personal jurisdiction over the corporate defendant at the time the action is commenced").

**C.  *Motion to Transfer Venue***

"For the convenience of parties and witnesses, in the interest of justice, a district court

---

[2]  *International Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945).

may transfer any civil action to any other district or division where it might have been brought."

28 U.S.C. 1404(a).

### III. ANALYSIS

**A.  *Personal Jurisdiction over Defendant Robanda International, Inc.***

Vandux alleges in its complaint that "Defendants do business in Florida by selling

infringing brushes to consumers and distributors in the State of Florida . . . and has [sic]

perpetrated acts of patent infringement in the State of Florida.  (Compl. ¶ 3 [ECF No. 1]).

Vandux goes on to name two specific stores within the jurisdiction of the Southern District of

Florida which Robanda has sold hairbrushes to.  (*Id.* ¶ 5).  The allegation that "Defendants do

business in Florida by selling infringing brushes to consumers and distributors in the State of

Florida" establishes a prima facie case that jurisdiction exists under Florida's long-arm statute

because selling brushes to consumers and distributors in the State of Florida constitutes

operating, conducting, engaging in, or carrying on a business or business venture in Florida.

*Compare* Fla. Stat. § 48.193(1)(a) (2009) *with* Compl. ¶ 3.  The assertion that Robunda has

"perpetrated acts of patent infringement in the State of Florida" also establishes a prima facie

case that jurisdiction exists under Florida's long-arm statute since patent infringement is a

tortious act and Vandux alleges that this tortious act occurred in Florida.  *Compare* Fla. Stat. §

48.193(1)(b) (2009) *with* Compl. ¶ 3.

In David Leib's sworn declaration, in support of the Motion to Dismiss, the President of

Robanda explains that "less than 10% of [Robanda's] distribution channels are located in

Florida."  (David Leib Decl. ¶ 4 [ECF No. 13]).  David Leib's sworn statement does not counter

Vandux's jurisdictional allegations.  Neither David Lieb's statement, nor Anthony Leib's

statement refute Vandux's allegation that Robanda has perpetrated acts of patent infringement in the State of Florida by selling infringing brushes to consumers and distributors in the State of Florida.  If anything, David Leib's statement confirms that jurisdiction exists under Florida's long-arm statute because a company with nearly 10% of its distribution channels located in Florida is operating, conducting, engaging in, or carrying on a business or business venture in Florida.  *See* Fla. Stat. § 48.193(1)(a) (2009).

Vandux's allegation that Robanda has perpetrated acts of patent infringement in the State of Florida by selling infringing brushes to consumers and distributors in the State of Florida satisfies the due process requirements for asserting jurisdiction over Robanda.  Through these allegations, Vandux has sufficiently alleged that (1) Robanda has purposefully directed its activities at residents of Florida, and (2) the claim arises out of or relates to Robanda's activities in Florida.  David Leib's sworn declaration does nothing to refute Vandux's allegations.  Vandux has established a prima facie case that jurisdiction exists under the Due Process Clause, and Robnada has failed to adequacy counter these allegations.  I find that given Vandux's unrefuted jurisdictional allegations, and considering the fact that Robanda has nearly 10% of its distribution channels located in Florida, that asserting personal jurisdiction over Robanda is reasonable and fair.

**B. *Personal Jurisdiction over Defendants David Leib and Anthony Leib***

"[W]hoever without authority makes, uses, offers to sell, or sells any patented invention, within the United States or imports into the United States any patented invention during the term of the patent therefor, infringes the patent."  35 U.S.C. § 271(a).  "Whoever actively induces infringement of a patent shall be liable as an infringer."  35 U.S.C. § 271(b).  A corporate officer

may be held personally liable for the "direct infringement" of a corporation under 35 U.S.C. §

271(a), however to assert such liability a plaintiff must allege and prove sufficient facts to pierce

the corporate veil.  *Orthokinetics, Inc. v. Safety Travel Chairs, Inc.*, 806 F.2d 1565, 1579 (Fed.

Cir. 1986).  A corporate officer may be personally liable for inducing infringement under 35

U.S.C. § 271(b), and under this theory of liability a plaintiff need not pierce the corporate veil.

*Id.* at 1578-79.  A corporate officer is subject to jurisdiction in Florida if the individual commits

an intentional tort aimed at Florida.  *Elandia Int'l, Inc. v. Ah Koy*, 690 F. Supp. 2d 1317, 1332

(S.D. Fla. 2010) (citing *Allerton v. Fla. Dept. of Ins.*, 635 So. 2d 36, 39 (Fla. Dist. Ct. App.

1994).

Vandux is not asserting liability against the Liebs for inducing infringement under section

271(b).  As framed by the complaint, the Liebs are only liable to the extent, and for the same

reasons, that Robanda is liable.  As alleged, Vandux's claims for  patent infringement and false

marketing constitute intentional torts.  (Compl. ¶¶ 24, 32 [ECF No. 1]).  The personal jurisdiction

analysis regarding the Liebs mirrors the personal jurisdictional analysis for Robanda since

Vandux's assertions of liability against the Liebs is premised on them being corporate officers

who committed intentional torts.  For the same reasons that personal jurisdiction exists as to

Robanda, personal jurisdiction exists as to David and Anthony Lieb.

**C.  *Venue***

Having found that personal jurisdiction exists in this district as to all of the Defendants,

venue is proper in this district.  *N. Am. Philips Corp. v. Am. Vending Sales, Inc.*, 35 F.3d 1576,

1577 n.1 (Fed. Cir. 1994) ("The venue issue is subsumed in the personal jurisdiction issue").

Additionally, I find that the convenience of parties and witnesses and the interest of justice do not

warrant the transfer of this case to the Southern District of California.

## IV.  CONCLUSION

Vandux has alleged that the Defendants engaged in business in Florida and committed the tort of patent infringement in Florida.  The Defendants' declarations in opposition to the assertion of jurisdiction do not refute these allegations, but confirm that Robanda has nearly 10% of its distribution channels located in Florida .  Vandux has met its initial burden of alleging sufficient facts to make out a prima facie case that this Court has personal jurisdiction over Robanda under both Florida's long-arm statute and the Due Process Clause of the Fourteenth Amendment to the Constitution.  The Defendants have not presented sufficient evidence to counter Vandux's allegations.  It is **ORDERED and ADJUDGED** as follows:

1.  The Defendants' Motion To Dismiss the Plaintiff's Complaint For Lack of Personal Jurisdiction and Improper Venue [ECF Nos. 12 & 21] is **DENIED**.

2.  Relatedly, the Defendants' Motion to Stay Pending Ruling on Motion To Dismiss [ECF No. 32] is **DENIED as moot**.

**DONE and ORDERED** in chambers, at Miami, Florida, this 8th day of July 2010.

*Marcia G. Cooke*

MARCIA G. COOKE
United States District Judge

Copies furnished to:
*Ted E. Bandstra, U.S. Magistrate Judge*
*Counsel of record*