UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 10-60188-Civ-COOKE/BANDSTRA

PLASTICOS VANDUX DE
COLOMBIA, S.A., *et al.*,

    Plaintiffs

vs.

ROBANDA INTERNATIONAL, *et al.*,

    Defendants.
_____/

## ORDER DENYING DEFENDANTS' MOTION TO DISMISS

THIS CASE is before me on the Defendants' Motion to Dismiss Pursuant to Federal Rule of Civil Procedure 12(b)(6). I have reviewed the Parties' arguments, the record, and the relevant legal authorities. For the reasons explained in this order, the Defendants' Motion to Dismiss is denied.

### I. BACKGROUND

This is a patent infringement and false marking case involving the sale of hairbrushes in Florida and throughout the United States. Plaintiff Plasticos Vandux De Columbia S.A., a Columbian company, is a manufacturer of wooden and plastic hairbrushes. Plaintiff Monroe Hair Care LLC, a Florida company, is the exclusive United States distributor of hairbrushes made by Vandux. Defendant Robanda International, Inc., a California corporation, sells hairbrushes to retail stores and professional hair care supply stores throughout the United States. Defendants, David Leib and Anthony Leib, residents of California, are the President and Vice-President of Sales, respectively, of Robanda.

Vandux's complaint alleges three counts: (1) Patent Infringement against Robanda, (2) False Marking against Robanda, and (3) Unfair Competition against Robanda. (Compl. ¶¶ 19-41, ECF No. 1). The Defendants initially filed a motion to dismiss the complaint for lack of personal jurisdiction on March 22, 2010. On July 9, 2010, I denied the Defendants' first motion to dismiss. (Order, ECF No. 38). Seventeen days later, the Defendants filed their second motion to dismiss, this time for failure to state a claim upon which relieve can be granted. (Motion to Dismiss, ECF No. 39).

## II. LEGAL STANDARDS

A complaint "must contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). A plaintiff must articulate "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (abrogating *Conley v. Gibson*, 355 U.S. 41 (1957)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009). Detailed factual allegations are not required, but a pleading "that offers 'labels and conclusions' or a 'formulaic recitation of the elements of a cause of action will not do.'" *Id.* at 1949 (quoting *Twombly*, 550 U.S. at 555). "[O]nly a complaint that states a plausible claim for relief survives a motion to dismiss." *Id.* at 1950. When considering a motion to dismiss, the court must accept all of the plaintiff's allegations as true and construe them in the light most favorable to the plaintiff. *Pielage v. McConnell*, 516 F.3d 1282, 1284 (11th Cir. 2008).

Since an action for false marking is based on "intent to deceive," a plaintiff asserting this claim must plead "with sufficient specificity to meet the heightened pleading

2

requirements for claims of fraud imposed by [Federal Rule of Civil Procedure] 9(b).” *Stauffer v. Brooks Brothers, Inc.*, 619 F.3d 1321, 1328 (Fed. Cir. 2010); Fed. R. Civ. P. 9(b).[1] To satisfy Rule 9(b)'s particularity requirement, allegations of fraud must be specifically set out in the complaint; the fraud "must be pleaded in detail – this means the who, what, where, and how of the alleged fraud". *Exergen Corp. v. Wal-Mart Stores, Inc.*, 575 F.3d 1312, 1327 (Fed. Cir. 2009). "Rule 9(b) requires that the pleadings contain explicit rather than implied expression of the circumstances constituting fraud." *Id.* (citation omitted).

"A motion under [Federal Rule of Civil Procedure] 12 may be joined with any other motion allowed by this rule." Fed. R. Civ. P. 12(g)(1). "[A] party that makes a motion under this rule must not make another motion under this rule raising a defense or objection that was available to the party but omitted from its earlier motion." Fed. R. Civ. P. 12(g)(2). Under these rules, if a defendant first moves to dismiss on the ground of lack of jurisdiction over the person, he or she is not allowed to make a second preliminary motion to dismiss on the ground of failure to state a claim upon which relief can be granted. 5C Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1385 (3d ed. 2010). Under these circumstances, a motion to dismiss for failure to state a claim upon which relief can be granted, pursuant to Rule 12(b)(6), may be raised in the defendant's answer, on a summary judgment motion, on a motion under Rule 12(c) for judgment on the pleadings, or at trial. *Id.*; *accord* Fed. R. Civ. P. 12(h)(2).

---

[1] The purpose of Rule 9(b) is to alert defendants to the precise misconduct with which they are accused and to protect defendants from contrived charges of fraudulent behavior. *Brooks v. Blue Cross & Blue Shield of Fla., Inc.*, 116 F.3d 1364, 1370-71 (11th Cir. 1997). Rule 9(b) does not, however, abrogate the concept of notice pleading. *Id.* at 1371.

3

### III. ANALYSIS

As a threshold matter, the Defendants second motion to dismiss is procedurally barred because the Defendants failed to consolidate it with their first motion dismiss. However, since the Defendants are procedurally permitted to simply re-raise their motion to dismiss for failure to state a claim upon which relief can be granted in their responsive pleading, or in a motion for judgment on the pleadings, in the interest of judicial economy, I will address the merits of their motion in this order.

The Defendants argue that the Plaintiffs have failed to sufficiently plead the who, what, and when to establish the "intent to deceive" prong of their false marking claim. (Defs.' Mot. to Dismiss 3, ECF No. 39). The Defendants also argue that the Plaintiffs claims – for both false marking and for infringement – are internally inconsistent. In other words, the Defendants reason that if the Plaintiffs are correct that the Defendants are infringing on the patent, that the false marking claim fails as a matter of law.

In response, the Plaintiffs assert that they have sufficiently alleged objective facts to establish the Defendants intent to deceive. (Resp. in Opp'n 5, ECF No. 41). The Plaintiffs point out that they have alleged that, during a trade show in 2009, both of the individual Defendants visited the Monroe Hair Care's display booth and saw copies of the patents at issue. (*Id.* at 4-5 (citing Compl. ¶ 18)). The Plaintiffs' reason that because the Defendants' knew of the existence of the patents, and of Monroe Hair Care's exclusive license to sell the patented hairbrushes, the fact that the Defendants' sold their hairbrushes marked "patented" is evidence of their "intent to deceive." (*Id.* at 5).

A cause of action for false marking consists of two elements: "(1) marking an unpatented article and (2) intent to deceive the public." *Forest Group, Inc. v. Bon Tool Co.*,

590 F.3d 1295, 1300 (Fed. Cir. 2009).[2]  "Intent to deceive is a state of mind arising when a party acts with sufficient knowledge that what it is saying is not so and consequently that the recipient of its saying will be misled into thinking that the statement is true." *Id.* (quoting *Clontech Labs. Inc. v. Invitrogen Corp.*, 406 F.3d 1347, 1352 (Fed. Cir. 2005)).  A false marking claim may be joined with an infringement cause of action.  *See, e.g., Filmon Process Corp. v. Spellright Corp.*, 274 F. Supp. 312 (D. D.C. 1967), *aff'd* 404 F.2d 1351 (D.C. Cir. 1968).

In this case, the Plaintiffs have pleaded a clear, specific, and detailed set of factual circumstances which give rise to a natural and logical inference that the Defendants acted with the intent to deceive the public.  The Plaintiffs have pleaded with sufficient specificity the who, what, where, and how of the alleged fraud.  The Plaintiffs' complaint also contains explicit circumstances of the alleged fraud, and does not solely rely on implied expressions of the circumstances of the fraud.  (*See* Compl. ¶¶ 18, 30-33).  I also reject the Defendants' argument that they can avoid liability under the false marking claim because the Plaintiffs have also brought an infringement claim.  In addition to the decisional law that is contrary to

---

[2]

> Whoever, without the consent of the patentee, marks upon, or affixes to, or uses in advertising in connection with anything made, used, offered for sale, or sold by such person within the United States, or imported by the person into the United States, the name or any imitation of the name of the patentee, the patent number, or the words "patent," "patentee," or the like, with the intent of counterfeiting or imitating the mark of the patentee, or of deceiving the public and inducing them to believe that the thing was made, offered for sale, sold, or imported into the United States by or with the consent of the patentee . . . [s]hall be fined not more than $500 for every such offense.

35 U.S.C. § 292(a).

5

this position, it is also well established that a party may plead in the alternative. Fed. R. Civ. P. 8(d)(3).

### IV. CONCLUSION

For the reasons explained in this order, it is **ORDERED and ADJUDGED** that the Defendants' Motion to Dismiss Pursuant to Federal Rule of Civil Procedure 12(b)(6) and Motion to Strike Pursuant to Federal Rule of Civil Procedure 12(f) (ECF No. 39) are **DENIED**.

**DONE and ORDERED** in chambers, at Miami, Florida, this 21st day of December 2010.

/s/ Marcia G. Cooke
MARCIA G. COOKE
United States District Judge

Copies furnished to:
*Ted E. Bandstra, U.S. Magistrate Judge*
*Counsel of record*